FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

09 OCT -5 AM 9:28

Division: _____

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

COACH SERVICES, INC.,

    Plaintiff,

v.

CASE NO.: 8 09CV 2012-T 26 EAJ

A.J. NAILS, INC., and JOHNNY P. TRAN

    Defendants.

## COMPLAINT

Plaintiff COACH SERVICES, INC., by and through its undersigned counsel, hereby sues Defendants, A.J. NAILS, INC., and JOHNNY P. TRAN and alleges:

### JURISDICTION AND VENUE

1.     This is an action for infringement under the trademark laws of the United States, 15 U.S.C. §§1051-1127, for common law unfair competition and violation of Florida statutes. Jurisdiction is expressly conferred on this Court by 15 U.S.C. §1121 and 28 U.S.C. §1338(a). This Court also has jurisdiction over all other claims herein in accordance with 28 U.S.C. §1332(a) and from the fact that this is a civil action between citizens of different states in which the value of the matter in controversy exceeds the sum of Seventy-Five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. §1332. This Court has supplemental jurisdiction over state law claims, pursuant to 28 U.S.C. §1367, as Plaintiff's Florida statutory and common law claims are substantially related to

the claims within this Court's original jurisdiction and are an inextricable part of the instant case. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

2. Defendant, A.J. NAILS, INC ("AJ") is a Florida limited liability company with its principal place of business located at 4220 Bee Ridge Road, Sarasota, Florida 34233, has committed the acts which are the subject of this Complaint within this District, and has maintained a place of business within this District at all times material hereto.

3. Defendant, JOHNNY P. TRAN ("Tran"), an individual who is *sui juris*, resides in this District and directs and controls the activities of Defendant, AJ, including the infringing and illegal activities which are the subject of this Complaint.

## THE PARTIES

4. Plaintiff, COACH SERVICES, INC. ("Coach") is a Maryland corporation with its principal place of business in New York, New York.

5. For over sixty (60) years, Plaintiff and its predecessors have been engaged in the manufacture, marketing, sale and distribution of high quality apparel, accessories and luxury goods, including an extensive variety of handbags, luggage, small leather goods and accessories, footwear, outerwear, eyewear, watches and home goods and accessories throughout the United States, including Florida.

6. Defendant AJ operates a retail boutique that markets and sells handbags, wallets and other fashion accessories. Defendant Tran is president of AJ, and directs and controls its activities and operations. Defendants hold themselves out to the public as vendors of products made by Plaintiff.

## FACTS COMMON TO ALL COUNTS

7. Since approximately 1941, Plaintiff and its predecessors have continuously used in interstate commerce the name and mark COACH in connection with their business and in the manufacture and sale of apparel, accessories and luxury goods.

8. Since at least as early as 1963, Plaintiff and its predecessors have used as a trademark in interstate commerce a distinctive COACH & Lozenge Design (a rectangular emblem bearing the COACH mark, surrounded by a decorative border consisting of scalloped, ruffled and zig-zag edges) in connection with the manufacture and sale of apparel, accessories and luxury goods.

9. Since at least as early as 1973 Plaintiff and its predecessors have used as a trademark in interstate commerce a distinctive COACH & Hang Tag Design (a metal chain attached to an emblem bearing the COACH mark) in connection with the manufacture and sale of apparel, accessories and luxury goods.

10. Since at least as early as 2001 Plaintiff and its predecessors have also used as a trademark in interstate commerce a distinctive "Signature C" Design (a geometric pattern consisting of the letter "C") in connection with the manufacture and sale of apparel, accessories and luxury goods.

11. Plaintiff has registered their COACH mark in the United States Patent and Trademark Office for a wide variety of goods and services. Plaintiff owns, among others, the following federal registrations of their COACH mark, for a wide variety of goods and services related to apparel, accessories and luxury goods:

| **TRADEMARK** | **NO.** | **DATE** |
|---|---|---|
| COACH | 1,071,000 | 8/9/77 |
| COACH | 751,493 | 6/25/63 |
| COACH | 2,088,706 | 8/19/97 |
| COACH | 2,534,429 | 1/29/02 |
| COACH | 2,291,368 | 11/9/99 |
| COACH | 1,846,801 | 7/26/94 |
| COACH | 2,231,001 | 3/9/99 |
| COACH | 2,291,341 | 11/9/99 |
| COACH | 2,061,826 | 5/13/97 |
| COACH | 2,074,972 | 7/1/97 |

12.    Plaintiff has also registered its COACH & Lozenge Design, COACH & Hang Tag Design and "Signature C" Design marks in the United States Patent and Trademark Office for a wide variety of goods and services. Plaintiff owns, among others, the following federal registrations of their COACH & Lozenge Design, COACH & Hang Tag Design and "Signature C" Design marks, for a wide variety of goods and services related to apparel, accessories and luxury goods:

| **TRADEMARK** | **NO.** | **DATE** |
|---|---|---|
| COACH & Hang Tag Design | 2,088,707 | 8/19/97 |
| COACH & Hang Tag Design | 2,162,303 | 6/2/98 |
| COACH & Hang Tag Design | 1,242,098 | 6/14/83 |
| COACH & Lozenge Design | 2,045,676 | 3/18/97 |
| COACH & Lozenge Design | 1,309,779 | 12/18/01 |
| COACH & Lozenge Design | 2,169,808 | 6/30/98 |
| COACH & Lozenge Design | 2,252,847 | 6/15/99 |
| COACH & Lozenge Design | 2,035,056 | 2/4/97 |
| COACH & Lozenge Design | 2,055,818 | 4/22/97 |
| Signature "C" Design | 2,626,565 | 9/24/02 |
| Signature "C" Design | 2,592,963 | 7/9/02 |
| Signature "C" Design | 2,822,318 | 3/16/04 |
| Signature "C" Design | 2,832,589 | 4/13/04 |
| Signature "C" Design | 3,012,585 | 11/8/05 |

13. Plaintiff and its predecessors have sold billions of dollars worth of products under its COACH, COACH & Lozenge Design, COACH & Hang Tag Design and "Signature C" Design marks (collectively the "COACH marks" or "COACH trademarks"). Plaintiff and its predecessors have expended substantial sums and devoted substantial time and effort to advertise, promote, and otherwise market their products and services to the general public under its COACH marks throughout the United States, including the State of Florida. Long prior to the acts of Defendants complained of herein, the COACH marks became and still are famous throughout the world.

14. As a result of Plaintiff's aforesaid long and extensive use, sales, advertising, and promotion, Plaintiff's COACH marks have acquired world-wide fame and represent a highly valuable goodwill owned by Plaintiff.

15. Defendants, with knowledge of the widespread recognition and fame of Plaintiff's products among the relevant segment of the market, and with the specific intent to exploit that recognition and fame, have marketed and sold counterfeit copies of various COACH products that bear the COACH marks, as well as counterfeit products bearing the COACH marks that have no authentic counterparts. Defendants intend that their ultimate purchasers believe that the Defendants' counterfeit COACH products are made by Plaintiff, or that persons who see the Defendants' counterfeit COACH products worn or used by Defendants' ultimate purchasers will believe that those products emanate from the Plaintiff.

16. In June of 2009, agents of the Sarasota County Sherriff's Office effectuated a seizure of counterfeit COACH handbags and purses from Defendants' place of business. Those counterfeit items are currently in the possession of the Sarasota County Sherriff's Office.

17. Prior to the above seizure, COACH'S agent made undercover purchases of goods

from Defendants. An examination of those goods confirmed they were counterfeit COACH products.

18. All conditions precedent to this action have occurred, been performed, or have been waived by Defendants.

## COUNT I

## TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114(1)

19. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1–18 above.

20. Plaintiff is the owner of federal trademark registrations for the above-described COACH trademarks.

21. Defendants, with full knowledge of Plaintiff's federally registered COACH trademarks, have knowingly and willfully infringed upon Plaintiff's trademarks by using and modifying Plaintiff's marks for use in Defendants' enterprise. Defendants' use and modification of Plaintiff's trademarks in a manner that is confusingly similar to Plaintiff's registered marks, without the consent or authorization of Plaintiff, constitutes intentional infringement. Defendants' unauthorized use and alteration of Plaintiff's registered trademarks is likely to cause confusion and mistake in the minds of the consuming public, and in particular, falsely creates the impression that goods offered by Defendants are authorized, sponsored, or approved by Plaintiff, when in fact they are not and have never been.

22. By reason of Defendants' use of marks confusingly similar to Plaintiff's registered trademarks, Defendants have infringed upon Plaintiff's rights in the registered marks.

23. The good will and favorable reputation existing in Plaintiff's marks is a valuable asset belonging to Plaintiff which does not lend itself to exact quantification but has substantial

monetary value. The acts complained of herein have caused Plaintiff harm, and has the potential for inflicting substantially greater injury to Plaintiff's trademarks and good will.

24.     Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of Defendants' conduct set forth above, including a lessening of the good will residing in Plaintiff's trademarks.

25.     Defendants will, unless preliminarily and permanently enjoined, continue to act in the unlawful manner complained of herein, to Plaintiff's irreparable harm.  Plaintiff does not have an adequate remedy at law to compensate it for the injuries suffered and threatened as a result of Defendants' conduct.

## COUNT II

### FALSE DESIGNATION OF ORIGIN – 15 U.S.C. § 1125(a)

26.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1–18 above.

27.     The COACH trademarks are valuable assets belonging to Plaintiff. Defendants, with knowledge of Plaintiff's rights and interest in the COACH marks, have improperly sought to exploit the good will associated with the COACH marks, while engaging in competitive activities under which Defendants offer goods identical to those offered by Plaintiff under the COACH marks.

28.     Defendants have used the COACH marks, or modifications thereof, in commerce, in connection with goods or services sold, marketed, distributed, and offered, and thus contain false designations of origin, and false and misleading descriptions of fact and false or misleading misrepresentations of fact, including the use of Plaintiff's distinctive marks and indicators of origin in a manner which is likely to cause confusion, mistake or deception, as to affiliation,

connection, or association between Plaintiff and Defendants, or as to the origin, sponsorship, or approval of Defendants' goods or services by Plaintiff. Defendants' conduct misrepresents the nature, characteristics and qualities of the services and products offered by Defendants in a manner which is likely to cause confusion with the consuming public. Defendants have undertaken this conduct with full knowledge of the falsities of such designations of origin to the detriment of Plaintiff.

29. As a result of the Defendants' false designations of origin and other misrepresentations of fact, Defendants are in violation of Section 43(a) of the Lanham Act. Plaintiff has suffered, and is continuing to suffer, irreparable harm and damage as a result of Defendants' activities alleged herein, including a lessening of the good will residing in the COACH trademarks as an indicator of origin from Plaintiff.

30. Defendants will, unless preliminarily and permanently enjoined, continue to act in the unlawful manner complained of herein to Plaintiff's irreparable harm.

31. Plaintiff has no adequate remedy at law to compensate it for injuries suffered and threatened as a result of Defendants' continuing improper conduct.

## COUNT III

## TRADEMARK DILUTION – 15 U.S.C. § 1125(c)

32. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1–18 above.

33. As set forth above, Plaintiff is the owner and senior user of the above-described COACH marks.

34. The COACH marks are distinctive, unique, valuable, well-known, and famous.

35. Defendants' conduct as set forth above is likely to injure the reputation enjoyed

by the COACH marks.

36. Defendants' intentional and knowing misuse of the COACH marks as described above has diluted the distinctive quality, fame, reputation, and value associated with COACH marks, and/or has otherwise tarnished the image of the COACH marks.

37. Defendants have willfully engaged in their illegal conduct with the intent to trade upon the reputation and good will of Plaintiff, and to cause dilution of the famous COACH marks.

38. As a result of Defendants' improper conduct and dilution of the COACH marks, Defendants are in violation of Section 43(c) of the Lanham Act. Plaintiff has suffered, and is continuing to suffer, irreparable harm and damage as a result of Defendants' activities alleged herein, including a lessening of the good will residing in the COACH marks.

39. Defendants will, unless preliminarily and permanently enjoined, continue to act in the unlawful manner complained of herein to Plaintiff's irreparable harm.

40. Plaintiff has no adequate remedy at law to compensate for injuries suffered and threatened as a result of Defendants' continuing improper conduct.

## COUNT IV

## COMMON LAW UNFAIR COMPETITION

41. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-18 above.

42. Defendants' actions of infringement upon the COACH marks for use in its competing enterprise, constitutes unlawful competition and unfair trade practice in that Defendants are attempting to palm off the goods or services which it sells or offers for sale as those of Plaintiff, and otherwise seeks to misappropriate and capitalize upon the good will

residing in the COACH marks.

43. Plaintiff has suffered and continues to suffer irreparable harm and damage as a result of Defendants' conduct, including a diversion of customers from Plaintiff to Defendants, and a lessening of the good will residing in the COACH marks.

44. Defendants will, unless preliminarily and permanently enjoined, continue to act in the unlawful manner complained of herein to Plaintiff's irreparable harm. Plaintiff has no adequate remedy at law to compensate it for injuries suffered and threatened as a result of Defendants' conduct.

## COUNT V

## VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

45. Plaintiff realleges and incorporates the allegations set forth in paragraph 1-18 above.

46. This claim arises under Fla. Stat. §501.201 et seq. based upon the above alleged wrong doing, Defendants have violated Florida Statute §501.204 by using unfair methods of competition in the conduct of trade or commerce by: deceptively using and copying the COACH marks; engaging in unfair and deceptive acts which diminish the value of goods or services sold and offered by Plaintiff and purchased by consumers in the market place; marketing Defendants' products or services as if they were affiliated with, approved by, sponsored, or authorized by Plaintiff; passing off Defendants' products to consumers as if they were Plaintiff's products; and misleading the public as to the nature and quality of Defendants' products by improperly suggesting a relationship with Plaintiff.

47. Plaintiff has suffered, and continues to suffer irreparable harm and damage as a result of Defendants' conduct alleged above, including a lessening of the good will residing in the COACH marks.

48. Defendants will, unless preliminarily and permanently restrained and enjoined, continue to act in a lawful manner complained of herein, to Plaintiff's irreparable harm.

49. Plaintiff has no adequate remedy at law to compensate it for injuries suffered and threatened as a result of Defendants' conduct.

WHEREFORE, Plaintiff, COACH SERVICES, INC., respectfully requests that the Court grant it the following relief:

(a) Preliminary and permanent injunctive relief enjoining Defendants, their officers, directors, owners, agents, servants, employees, attorneys, representatives, successors and assigns, and all other persons, firms, or entities acting in concert or participation with Defendants from selling, displaying, manufacturing, marketing, possessing or otherwise attempting to pass-off any product as a genuine COACH product;

(b) Judgment for compensatory and actual damages under the Lanham Act, Florida's Deceptive and Unfair Trade Practices Act and common law, and treble damages for Defendants' counterfeiting and intentional infringement.

(c) An award of pre-judgment interest, attorney's fees, and reasonable costs incurred in connection with this case; and

(d) Such other relief as the Court deems just and proper.

DATED this 2nd day of October 2009.

BECKER & POLIAKOFF, P.A.
Attorneys for Plaintiff
Emerald Lake Corporate Park
3111 Stirling Road
Fort Lauderdale, FL  33312-6525
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
grosen@becker-poliakoff.com

By: _____
Gary C. Rosen, Esq.
Florida Bar No. 310107

ACTIVE: C14455/137148:2670700_1